UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SARAH CARROLL, | ) |
| Plaintiff, | ) Case No. 3:09-cv-00515-PPS-CAN |
| v. | ) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before me on Defendant Commissioner of Social Security's Motion to Dismiss. Plaintiff Sarah Carroll's complaint seeks judicial review, under 42 U.S.C. § 405(g), of the Social Security Commissioner's final decision to deny her Disability Insurance Benefits. The Commissioner seeks dismissal for lack of timeliness. For the following reasons, the Motion to Dismiss is denied.

## BACKGROUND

On July 13, 2009, the Appeals Council denied Plaintiff Sarah Carroll's request for review of the Administrative Law Judge's decision to deny her Disability Insurance Benefits. [DE 1] On November 2, 2009, Carroll filed a Complaint seeking review and reversal of the decision. [*Id.*] The Commissioner filed a motion to dismiss because Carroll's Complaint was not filed within the sixty-day limit after the mailing of notice of the Appeals Council's denial. [DE 9.] In response, Carroll states that after she had received notice that the Appeals Council had denied her request for review, she contacted an Elkhart, Indiana law firm to help her with an appeal. [DE 13.] She was eventually referred to the law firm Daley, DeBofsky & Bryant, who

immediately filed for an extension with the Appeals Council on October 30, 2009, since the Council informed the firm that no such extension had been previously filed. [*Id.*] There is no word on whether the Appeals Council has replied to this extension request. Carroll filed her Complaint three days later on November 2, 2009. [*Id.*]

## DISCUSSION

In ruling on a 12(b)(6) motion to dismiss, the Court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). To survive a Rule 12(b)(6) motion, the plaintiff's complaint must plead facts that suggest a right to relief that is beyond the "speculative level." *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-777 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 560-63, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007)). A mere formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555. Rather, the complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur* 581 F.3d at 602 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

Because Carroll is *pro se*, I must construe her complaint complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 521, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972). *Pro se* complaints, however inartfully pleaded, are to be held to a less stringent standard than if the pleadings had been drafted by a lawyer. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing to *Erickson v.*

2

*Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)); *Kelley v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990). *Pro se* complaints therefore can be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Henderson v. Sheahan*, 196 F.3d 839, 845-846 (7th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)).

Carroll's complaint seeks to appeal a decision by the Social Security Commissioner. To properly appeal a decision by the Social Security Commissioner, 42 U.S.C. § 405(g), provides:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

The term "mailing" is defined as the date that the individual receives the Appeals Council's notice of denial of request for review. *See* 20 C.F.R. § 422.210(c); 20 C.F.R. § 404.981. The date of receipt is presumed to be five days after the date of notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c); *Lloyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989). So unless a claimant can show otherwise, he or she is presumed to have sixty-five days from the date the Appeals Council issues the denial letter to file a civil action to review the decision.

In its motion, the Commissioner contends that Carroll's complaint should be dismissed because her Complaint was not filed in time. Specifically, the Commissioner argues that the Complaint in this matter is not subject to judicial review because it was not filed within sixty days of the presumptive receipt of notice by Carroll of the Commissioner's decision, thus

rendering it time-barred. [DE 9, at 2.] The Appeals Council denied Carroll's request for review of the ALJ's decision on July 13, 2009. The presumptive sixty-five day window to file a civil action would then close on September 15, 2009. Carroll filed her *pro se* complaint on November 2, 2009, well outside the sixty-five day window. The Commissioner contends that this Court should dismiss the Complaint for not filing within the statutorily prescribed time period.

However, as Carroll points out, exceeding the presumptive sixty-five day limit is not an absolute bar to a claimant filing an action. The sixty-day requirement of § 405(g) is not jurisdictional; it constitutes a period of limitations that may be tolled by the commissioner or the court if fairness demands. *Bowen v. City of New York*, 476 U.S. 467, 479-81, 90 L. Ed. 2d 462, 106 S. Ct. 2022 (1986). Upon a showing of good cause, the Commissioner, via the Appeals Council, will extend the time limit to file an action in federal court. 20 C.F.R. §§ 416.1411, 416.1482. In determining whether good cause exists for a claimant missing a deadline to request review, the Appeals Council considers the circumstances that kept the claimant from making his or her request on time; whether any action on the part of the Social Security Administration was misleading; whether the claimant did not understand the requirements of the Act; and whether claimant had any physical, mental, educational, or linguistic limitations which prevented the filing of a timely request, or from understanding or knowing about the need to file a timely request for review. 20 C.F.R. §§ 404.911, 416.1411; *see also Sears v. Bowen*, 840 F.2d 394, 400 (7th Cir. 1988). And in cases where "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate,'" the court may toll the limitations period. *Bowen*, 476 U.S. at 480.

Tolling of the limitations period is appropriate here. The facts and circumstances of this

matter align rather closely with those of *Sanchez v. Barnhart*, No. 03-C-537-C, 2004 WL 1005589, at *2 (W.D. Wis. May 4, 2004). In its letter informing Sanchez of its decision to deny review, the Appeals Council also notified her that she had sixty days from the date she received the notice to file a civil action, or to request an extension within which to do so from the Appeals Council. *Id*. Sanchez mailed a letter to the Appeals Council the day after the deadline had elapsed to request an extension to file a civil suit. *Id*. at 3. The letter explained that she was prevented from filing suit on time because of her illness, she was out-of-state at the time the Appeals Council letter was mailed to her, she no longer had legal representation, and she was preoccupied with filing another application for benefits. *Id*. The next day, she faxed a copy of the letter to the Appeals Council. *Id*. Not hearing a response from the Appeals Council after a month and a half, she filed suit to challenge the Commissioner's decision. *Id*. The court found that Sanchez met the good cause standard, finding that her allegation that she had filed an extension with the Appeals Council, with nothing more, was sufficient to survive a motion to dismiss. *Id*. at 6.

I find *Sanchez* persuasive. And similar to the plaintiff in *Sanchez,* Carroll made a sufficient good cause showing for tolling here. Carroll acknowledges that her Complaint was filed after the statutorily prescribed deadline, but states that good cause exists for the late filing. [DE 13, at 2.] She alleges that she had requested an extension to file suit during a telephone conversation with a Social Security official during the relevant period and that she was told that her request was being considered by the Appeals Council. She also states that she relied on the first law firm's word that it would file a timely extension on her behalf, which the Appeals Council has not acknowledged. [*Id*.] In *Sanchez*, the *pro se* plaintiff also made requests for

5

extension but never heard whether the Appeals Council granted her request. Thus, taking into account her *pro se* status, Carroll's allegations are sufficient to show circumstances that kept her from making a timely request, and she has shown good cause to toll the 60-day limitation.

The Commissioner's motion to dismiss [DE 9] is **DENIED**.

**SO ORDERED**.

ENTERED: May 24, 2010

s/ Philip P. Simon<br>
PHILIP P. SIMON, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT